## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ALEXANDER DEERING,

                    Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 06-5003 (MJD/AJB)

DAVID BAUER,

                    Defendant.

---

Charles D. Slane, Terry & Slane, PLLC, Counsel for Plaintiff Alexander Deering.

Patricia R. Cangemi, United States Attorney, Counsel for Defendant David Bauer.

---

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion for Substitution and to Dismiss Plaintiff's Complaint [Docket No. 13] and on Plaintiff's Motion for Review of U.S. Attorney's Certification and Motion for Discovery and/or Evidentiary Hearing [Docket No. 20]. The Court heard oral argument on June 22, 2007.

## II.    BACKGROUND

### A.    Factual Background

#### 1.    Parties

Plaintiff Alexander Deering is a resident of Brooklyn Park, Minnesota. (Compl. ¶ 1.)  Defendant David C. Bauer is a resident of Rising Sun, Maryland. (Id. ¶ 2.)  From September 1982 until June 2003, Bauer was an active duty soldier in the United States Army.  (Bauer Decl. ¶ 2.)  In February 2003, he was stationed at Aberdeen Proving Ground, Maryland, as Chief, Counterespionage Team.  (Id. ¶ 2.)

### 2.    Events Underlying Pending Action

On February 2, 2003, Bauer flew to Minnesota for four days to complete a Temporary Duty (TDY) order for the United States Army.  (Govt. Ex. 2.)  Bauer was directed by Captain Mark W. Rowell to travel to Minnesota for an anti-terrorism/force protection initiative.  (Bauer Decl. ¶ 3.)  Another soldier accompanied Bauer on the trip.  (Id.)  While staying in Minnesota, Bauer was authorized to rent a car, stay in a hotel room, and eat meals out using his government credit card.  (Bauer Decl. ¶ 5; Govt. Ex. 2.)  Bauer rented a 2002 Honda Civic from Dollar Rent A Car in St. Paul, Minnesota, on his government credit card.  (Govt. Ex. 4.)

The "Request and Authorization for TDY Travel of DOD Personnel" stated that "Gov't messing is not available," which meant that the soldiers were required to obtain their own meals at local establishments due to the fact that there was no government mess or dining hall.  (Govt. Ex. 2; Bauer Decl. ¶ 6.).  The soldiers were granted a $30 per day per diem designed to reimburse them for their meals,

and at the end of the trip the soldiers were to submit a travel voucher to the Army

and receive reimbursement.  (Bauer Decl. ¶ 5.)

On the night of February 2, 2003, at 7:05 p.m., a car accident occurred

between Bauer and Deering in Maple Grove, Minnesota.  (Govt. Ex. 3.)  Bauer was

driving his rental car on his way to dinner, with his colleague as his passenger.

(Id.; Bauer Decl. ¶ 7.)  Bauer's vehicle started to fish tail, and he skidded over the

centerline into the westbound traffic.  (Govt. Ex. 3.)  Deering's vehicle, in the

westbound lane, struck the passenger side door of Bauer's vehicle.  (Id.)  Deering,

Bauer, and the passenger in Bauer's vehicle were transported from the scene of

the crash to North Memorial Hospital in an ambulance, and both vehicles were

towed.  (Id.)

### B.     Procedural Background

On December 5, 2006, Deering served a Complaint against Bauer for a

lawsuit in Hennepin County District Court seeking relief for severe and permanent

injuries sustained in the automobile accident that occurred on February 2, 2003.

Deering alleges that Bauer's negligence caused the accident.

On December 21, 2006, Bauer removed the action to this Court pursuant to

28 U.S.C. § 2679(d)(2), on the basis that the an action against an employee of the

United States, acting within the scope of his employment, is an action against the

United States under the Federal Tort Claims Act.  The United States Attorney for

the District of Minnesota certified that Bauer was acting within the scope of his employment at the time of the accident.

Bauer now brings this motion to substitute the United States as the defendant in this action and to dismiss the complaint.  The motion to dismiss is made on the grounds that Deering failed to present an administrative claim to the Army, which is a required precondition under the Federal Tort Claims Act.

## III.   DISCUSSION

### A.      Review of Scope-of-Employment Certification

#### 1.      Standard

When a federal employee commits a tort within the scope of his employment, the United States is substituted for the employee.  28 U.S.C. § 2679(d).  Under the 28 U.S.C. § 2671, "[e]mployees of the government include  . . . members of the military or naval forces of the United States."  Acting within the scope of employment is defined as "acting in the line of duty."  Id.  28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as a party.

The Attorney General's certification is conclusive for the purposes of removal.  Id.; Brown v. Armstrong, 949 F.2d 1007, 1011 (8th Cir. 1991).

However, certification "does not conclusively establish that the United States should be substituted as party-defendant.  If the plaintiff challenges the certification, the district court must independently review the case and determine whether the defendant was in fact acting within the scope of his or her employment." Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996) (citations omitted).

The United States Attorney has certified that Bauer was acting within the scope of his federal employment when the accident occurred.  This certification is prima facie evidence that the conduct of the federal employee fell within the scope of his or her employment.  Id.   However, if a plaintiff challenges the certification, then he "bears the burden of coming forward with specific facts rebutting the certification." Lawson v. United States, 103 F.3d 59, 60 (8th Cir. 1996) (citations omitted).  The Court reviews the "scope-of-employment determination de novo." Id. (citation omitted).

Based on Deering's motion, the Court proceeds to independently determine whether Bauer was acting within the scope of his employment at the time of the auto accident.

## 2.    Determining the Scope of Employment

Minnesota law applies when determining whether Bauer was acting within the scope of his employment.  McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995).  "Where . . . an employee is directed by his employer to remain at a certain

locale on behalf of the employer for a specified time or until directed otherwise, the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." Voight v. Rettinger Transp., Inc., 306 N.W.2d 133, 137 (Minn. 1981) (quoting Epp v. Midwestern Mach. Co., 208 N.W.2d 87, 89 (1973)).  The Minnesota Supreme Court explained:

> An employee who is required to be out-of-town overnight has no choice but to eat, sleep and conduct all his activities away from home.  Just as injuries sustained as a consequence of the necessity of sleeping in hotels, or traveling between a restaurant and a hotel, are compensable, we are of the view that an employee does not leave the course of his employment while engaging in reasonable relaxation or recreational activities after working hours.

Voight, 306 N.W.2d at 138 (citations omitted).

"Reasonable activities are those which may normally be expected of a traveling employee as opposed to those which are clearly unanticipated, unforeseeable and extraordinary."  Id. (footnote omitted).

Deering bears the burden of coming forward with specific facts to rebut certification.  On the record currently before the Court, Deering has provided no facts to rebut certification.  The only evidence before the Court is that Bauer was on an Army-sponsored business trip in the Twin Cities area and was, at the time of the accident, driving from his hotel to dinner, which is the type of activity that the Minnesota Supreme Court has held to be within the scope of employment.  On the record before the Court, the United States must be substituted for Deering.

### B.    Motion for Discovery and/or Evidentiary Hearing

### 1.    Standard

Deering alleges that before the Court rules on the motion to substitute the United States as a party, the Court should allow limited discovery on the issue of scope of employment.  He further alleges that in order to determine whether or not Defendant was within the scope of his employment at the time of the accident, he must obtain the government credit card statement to see if Defendant's meal was charged to the card.

"In order for discovery of immunity-related facts to be warranted, the plaintiff must indicate what sort of facts he or she hopes to discover that would create a material factual dispute and could support a viable theory that the individual defendant was acting outside the scope of employment."  <u>Davric Maine Corp. v. U.S. Postal Serv.</u>, 238 F.3d 58, 68 (1st Cir. 2000).

The admissible evidence before the Court establishes that Bauer was on his way to dinner, not coming from dinner, at the time of the crash.  Obtaining his credit card statement to determine whether or not a meal was charged to that card could not create a material factual dispute regarding the scope-of-employment issue because Defendant had not yet eaten dinner at the time of the accident.  Furthermore, even if Bauer had eaten the meal prior to the accident, the discovery of the government credit card statement would not be material evidence that Bauer was outside the scope of his employment.  Bauer was given a per diem

allotment for the trip for which he was reimbursed.  Finally, under Minnesota case law, an employee does not leave the course of his employment while engaging in reasonable relaxation or recreational activities after working hours.  Thus, even if Bauer did not pay for the meal on his government credit card or obtain reimbursement for the meal, eating dinner within the metro area while staying here on business would be the type of activity that Minnesota courts find to be within the scope of employment.

The government credit card statement would not help to clarify the issue of the scope of employment.  Deering's request for additional discovery is denied.

With regard to Deering's request for an evidentiary hearing, the Eighth Circuit has held that an evidentiary hearing is not required if a plaintiff fails to come forward with any evidence to rebut certification.  <u>Anthony</u>, 76 F.3d at 214. Because Deering has not presented any evidence to rebut certification or identified any discovery that would create a material factual dispute and could support a viable theory that Bauer was acting outside the scope of employment, his request for an evidentiary hearing is denied.

## C.     Motion to Substitute the United States as a Party

Because Deering is not entitled to any more discovery; Deering has not coming forward with specific facts rebutting the certification; and, based on the Court's independent review of the record before it, the Court concludes that Bauer

was within the scope of his employment, Bauer's motion for substitution is granted.

### D.   Motion to Dismiss Plaintiff's Complaint

#### 1.   Standard

The United States argues that once it has been substituted as a party in the suit in place of Defendant Bauer, the Complaint should be dismissed for lack of jurisdiction from the failure to exhaust administrative remedies.

The Federal Tort Claims Act ("FTCA") is a plaintiff's exclusive remedy for personal or property damage "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "A claim accrues when the plaintiff knows or reasonably should know both the existence and cause of the injury." Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993) (citation omitted). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citation omitted). Ignorance of whether the defendant was a federal employee acting within the scope of his employment at the time of the accident does not toll the statute of limitations for FTCA actions. Wollman v. Gross, 637 F.2d 544, 549 (8th Cir. 1980).

Additionally, such an action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Presentment of an administrative claim is jurisdictional. <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir. 1993). The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement. <u>Id.</u> <u>See also</u> <u>McCoy v. United States</u>, 264 F.3d 792, 794 (8th Cir. 2001). When these remedies have not been exhausted, the Court lacks subject matter jurisdiction, and the complaint must be dismissed.

**2.    Plaintiff's Failure to Exhaust Administrative Remedies**

It is undisputed that Deering failed to submit a claim to the U.S. Army prior to enacting this lawsuit. (Rouse Decl. ¶ 1.) As admitted by Deering's counsel at oral argument, the FTCA was not followed and, if the Court substitutes the United States, Deering's case must be dismissed. Because of this, his case must be dismissed. Because the two-year statute of limitations has expired, the dismissal is with prejudice.

Accordingly, based upon the records, proceedings, and files herein, **IT IS HEREBY ORDERED** that:

1.    Defendant's Motion for Substitution and to Dismiss Plaintiff's
      Complaint [Docket No. 13] is **GRANTED**.

2.      Plaintiff's Motion for Review of U.S. Attorney's Certification and
        Motion for Discovery and/or Evidentiary Hearing [Docket No. 20] is
        **DENIED**.

3.      This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 9, 2007                          s / Michael J. Davis
                                             Judge Michael J. Davis
                                             United States District Court